# BALTIMORE CITY COURT

Filed March 7, 1889.

## H. W. STEWART
## VS.
## HENRY DUVALL.

*E. Beatty Graff* for petitioner.

*John L. Streeper* for defendant.

STEWART, J.—

The petitioner asks the Court to issue a writ of mandamus, to require a Justice of the Peace to send up the papers in the case of Hershman vs. Stewart, instituted under the Act of 1888, Chapter 487, on which said justice had rendered a judgment, from which the petitioner had taken an appeal to this Court.

The justice admits the rendition of the judgment, and the prayer for appeal, and his refusal to send the prayers to the Court, based, as he alleges, upon the opinion that his decision is final, and that an appeal will not lie therefrom. Conceding the opinion of the justice to be correct, the Court of Appeals has uniformily held that it is for the appellate Court to decide, whether or not an appeal lies, and not the Court from which the appeal is taken. If this Court should hear and decide an appeal, in a case in which no appeal is allowed, the appellate Court, would pronounce its act a nullity.

In this case it becomes necessary to pass upon the question whether an appeal lies. The Constitution (Art. 4, Sec. 42), says that Justices of the Peace shall have such jurisdiction, duties and compensation, subject to such right of appeal in all cases from the judgment of Justices of the Peace *as hath been heretofore exercised,* or shall be hereafter prescribed by law. It is true that in the Act of 1888, Ch. 487, there is no clause giving an appeal, nor was it necessary. The Act is merely a modification of the law relating to tenant holding over, and instead of requiring notice to tenant to quit in cases of tenancy for less than a year, in Baltimore City, it allows the landlord, in addition to his former remedy, to have again and repossess the rented premises on failure of the tenant to pay his rent. At the trial, if the justice is satisfied that the rent for the premises mentioned in the lessor's complaint is actually due and unpaid, then he shall give judgment in favor of the lessor, and order the tenant to yield up the premises. If the tenant pays or tenders the rent found to be due at the trial, together with the costs of suit, the complaint shall be entered satisfied and no further proceedings shall be had. This law is part of Art. 4 of the Public Local Laws, and while it is codified under the sub-title "Landlord and Tenant," it is neither more nor less than a modification of the title in the Public General Laws, "Landlord and Tenant," sub-title "Tenant holding over," and to be construed in the Local Laws in connection with the sub-title "Tenants for years, or life, or at will."

The fact that the Legislature, for convenience, or design, adopted a different sub-title from other portions of the law relating to Landlord and Tenant, does not change the character of the proceeding, and the appeal now prayed is, in the language of the Constitution, from a judgment of the justice, in such a case *as hath been heretofore exercised.*

When the Act of 1834, Ch. 192, which for the first time, required a warrant to distrain, to be executed by the landlord, was before the Court of Appeals for construction, the Court remarked (in Cross vs. Tome, 14 Md. 217), that the Act was not to be construed by the principles applicable to the construction of statutes conferring special remedies in contravention of the common law; but is to receive a sensible construction, looking to the object and design of the Legislature. Its object and design were to protect the tenant from onerous and oppressive proceedings by the landlord, and to prevent the levying of excessive distress. But, independent of the right of appeal given by the Constitution, there is another right, which a party to a cause possesses, of which the Legislature cannot deprive him. Art. 15, Sec. 6, of the Constitution, says, the right of trial by jury of all issues of fact, in civil proceedings, in the several Courts of law in this State, when the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved.

The Legislature has at times attempted to evade this right, but without success. In State vs. Mace, 5 Md. 337, it appeared that the Act of 1854, Ch. 138, had directed a fine of five dollars to be imposed on persons violating provisions of said Act, to be recovered before any Justice of the Peace, by action of debt in the name of the State. The Act further declared that no appeal shall be taken from the judgment of the justice. The penalty had, no doubt, been fixed at the sum named so as to avoid the constitutional objection, but the Court of Appeals said that while the law in that respect might not be a violation of the Constitution, it was not competent to the Legislature to abridge the right of appeal, as attempted, because the constitution gives an appeal *in all civil cases* from the judgment of a Justice of the Peace. The case of the State vs. Bogue, 5 Md. 352, is a similar decision.

The difference in the language, between the Constitution of 1851 and 1867, is one of which an appeal in all civil cases is given, while in the other the words are in all cases as hath been heretofore exercised, does not, in the opinion of the Court, affect the reasoning of the appellate tribunal. If in a civil case, where the Legislature expressly denied an appeal, the Court of Appeals decided that the party had the right notwithstanding, it is difficult to perceive why, in a civil case, in which the law is silent, an appeal should be denied. The fact that the lessor, by the Act of 1888, is required to give bond before the justice can issue the writ of ejectment therein mentioned, and that no penalty is mentioned in connection with the subject of appeal is taken as evidence that the Legislature intended that no appeal should be taken from the decision of the justice by either landlord or tenant. Without discussing the matter further it is only necessary to say that whether or not its intention is an appeal should be allowed. An intelligent justice can find no difficulty in fixing the amount of the penalty in the appeal bond by adopting the rule in cases of tenants holding over, that is, the tenant in order to stay execution of the judgment against him, given on such appeal, a bond with security in a sufficient amount, with condition to prosecute the appeal with effect, and to answer to the lessor, his executors and administrators, all rent found to be due by the justice, and such rent and costs as shall be further incurred and sustained by reason of said appeal, and the delay thence arising. Entertaining the views above expressed a writ of mandamus will issue as prayed.